UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENEPLACE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| PITNEY BOWES INC., MERCER | § | |
| CONSULTING GROUP, INC., AND | § | |
| MERCER (US) INC., | § | |
| | § | |
| Defendants. | § | |

MERCER CONSULTING GROUP, INC.'S
AND MERCER (US) INC.'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendants Mercer Consulting Group, Inc. and Mercer (US) Inc. (collectively, "Mercer")[1] join and consent to give notice to this Court of the removal of Cause No. D-1-GN-14-005361 from the 98th District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division and, in support, shows as follows:

I.
INTRODUCTION

1.   Plaintiff Beneplace, Inc. ("Beneplace") brought this lawsuit in the Texas District Court of Travis County alleging that Defendant Pitney Bowes Inc. ("Pitney Bowes") breached a master services agreement whereby Beneplace provided, among other things, customized insurance plan options to Pitney Bowes's employees.  Beneplace further alleges that Mercer tortiously interfered with this master services agreement.  This Court has jurisdiction over this

---

[1] The Mercer Defendants are not proper parties to this lawsuit as plead.  Upon information and belief, Beneplace incorrectly sued these two Defendants while seeking relief from a different Mercer entity.  Without waiving Mercer's defenses and objections to this error, Mercer files this Notice of Removal on behalf of the named Mercer Defendants.

**DEFENDANTS MERCER CONSULTING GROUP, INC.'S**
**AND MERCER (US) INC.'S NOTICE OF REMOVAL**                Page 1 of 6
12056268v.1

action pursuant to 28 U.S.C. § 1332. Accordingly, Mercer hereby removes the case to this Court.

## II.
## PROCEDURAL HISTORY

2. Pitney Bowes and Mercer are the named Defendants in Cause No. D-1-GN-14-005361, which was originally filed in the 98th District Court of Travis County, Texas (the "State Court Action").

3. On December 19, 2014, Beneplace filed Plaintiff's Original Petition, Requests for Disclosure and Application for Temporary Injunctive Relief ("Original Petition").[2] (Orig. Pet., Ex. A-2.)

4. Defendant Pitney Bowes was served with the Citation and Original Petition on December 29, 2014.

5. Defendant Mercer Consulting Group, Inc. was served with the Citation and Original Petition on December 29, 2014.

6. Defendant Mercer (US) Inc. was served with the Citation and Original Petition on December 29, 2014.

7. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders and other papers in the State Court Action are attached hereto as Exhibits A-1 through A-7. Those documents include the Docket of the District Court of Travis County (Ex. A-1), the Original Petition (Ex. A-2), Citations (Ex. A-3), Pitney Bowes's Original Answer (Ex. A-4), Pitney Bowes's Counterclaims (Ex. A-5), Mercer's Original Answer (Ex. A-6), and Mercer's First Amended Answer (Ex. A-7).

---

[2] No request for temporary injunctive relief is present in the Original Petition, and it appears this addition to the document's title was in error.

## III.
## GROUNDS FOR REMOVAL

8.  Removal of this case is proper because there is total diversity of citizenship among Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000, and no defendant is a citizen of Texas.

9.  There is and has been at all times relevant to this Notice of Removal complete diversity of citizenship pursuant to 28 U.S.C.A. §1332(a).  Plaintiff is a citizen of Texas, and Defendants are citizens of Delaware, Connecticut, and New York.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(a).

10. Plaintiff Beneplace is a citizen of Texas.  Beneplace is a Texas corporation with its principal place of business in Austin, Texas.  (Orig. Pet., ¶ 2, Ex. A-2.)

11. Defendant Pitney Bowes is a citizen of Delaware and Connecticut. Pitney Bowes is a Delaware corporation with its principal place of business in Connecticut.  (Orig. Pet., ¶ 3, Ex. A-2.)

12. Defendant Mercer Consulting Group, Inc. is a citizen of New York. Mercer Consulting Group, Inc. is a New York corporation with its principal place of business in New York.[3]

13. Defendant Mercer (US) Inc. is a citizen of Delaware and New York.  Mercer (US) Inc. is a Delaware corporation with its principal place of business in New York.[4]

14. Beneplace seeks damages in an amount in excess of $1 million.  (Orig. Pet., ¶¶ 38, 50, Ex. A-2.)

---

[3] In Beneplace's Original Petition, Beneplace incorrectly lists Mercer Consulting Group, Inc.'s principal place of business as Hoboken, New Jersey. (Orig. Pet., ¶ 4, Ex. A-2.)  Regardless, complete diversity exists.

[4] In Beneplace's Original Petition, Beneplace incorrectly lists Mercer (US) Inc.'s principal place of business as Hoboken, New Jersey. (Orig. Pet., ¶ 5, Ex. A-2.)  Regardless, complete diversity exists.

15. Consequently, this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this is a case that may be removed to this Court by Mercer pursuant to 28 U.S.C. § 1441(a) and (b).

## IV.
## REMOVAL PROCEDURES

16. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty days after Mercer's receipt of the citation and Plaintiff's Original Petition.

17. Mercer complied with all applicable provisions of 28 U.S.C. §1441 *et seq.*, the applicable Federal Rules of Civil Procedure, and the Local Rules in this District.

18. The state court where the action has been pending is located in this District.

19. Promptly after the filing of this Notice of Removal, Mercer shall provide notice of the removal to Plaintiff and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d). A copy of the Notice filed with the 98th District Court of Travis County, Texas is attached as Exhibit B.

20. All served defendants consent to and join this Notice of Removal. (Ex. C.)

21. By virtue of this Notice of Removal, Mercer does not waive its rights to assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure.

22. Mercer retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

## V.
## JURY DEMAND

23. Plaintiff demanded a jury trial in the State Court Action.

## VI.
## CONCLUSION

Wherefore, Defendants Mercer Consulting Group, Inc. and Mercer (US) Inc. remove the State Court Action to this Court, and request that the Court proceed with this action as if it had originally commenced in this Court and make all orders necessary and appropriate to effectuate this removal.

Dated this 26th day of January, 2015.    Respectfully submitted,

By: /s/ Jonathan D. Neerman
**Jonathan D. Neerman**
State Bar No. 24037165
**Brian Oates**[5]
State Bar No. 24088144

JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
T: (214) 953-5664
F: (214) 661-6899

jneerman@jw.com
boates@jw.com

**ATTORNEYS FOR DEFENDANTS MERCER CONSULTING GROUP, INC. AND MERCER (US) INC.**

---

[5] Admission to practice in the Western District of Texas is pending.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of January 2015, a true and correct copy of the foregoing document has been served via electronic mail and Certified Mail Return Receipt Requested on all parties of record listed below:

| | |
|---|---|
| Timothy J. Herman | Gregory Casas |
| James Hatchitt | Alan Hersh |
| Howry Breen and Herman, LLP | Greenberg Traurig |
| 1900 Pearl Street | 360 West 6th Street, Suite 2050 |
| Austin, Texas 79705-5408 | Austin, Texas 78701 |

        /s/ Jonathan D. Neerman
        Jonathan D. Neerman